IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JASON LEGGETT, | : | |
| Petitioner | : | |
| VS. | : | CIVIL ACTION NO.: 5:10-CV-5 (HL) |
| SUPREME COURT OF GEORGIA, | : | |
| Respondent | : | **ORDER** |

Petitioner **JASON LEGGETT**, an inmate at the United States Penitentiary in Pollock, Louisiana, has filed a *pro se* "Writ of Mandamus" in this Court.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears petitioner is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Petitioner's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, petitioner will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of petitioner shall forward said payments from petitioner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where petitioner is confined.

## II.  STANDARD OF REVIEW

The Court is required to dismiss a prisoner complaint if it determines that the action: (1) is frivolous, or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the petitionercan prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

## III.  DISCUSSION

Petitioner apparently filed a habeas action in the Superior Court of Pulaski County, Georgia in which he sought to challenge the guilty plea he had entered in a criminal action. Petitioner did not receive timely notice of a hearing to be held in the habeas corpus action. It is unclear whether his habeas action is still pending in the Superior Court of Pulaski

County or if he has been denied relief in that action. However, it appears that petitioner did file a "Motion to Compel" in the Supreme Court of Georgia in which he sought to have that court compel the Pulaski County Superior Court to reschedule the hearing in his habeas corpus action.

In the Writ of Mandamus that he has now filed in this Court, petitioner requests this Court to compel the Georgia Supreme Court to "remand [his state habeas corpus action] to the Superior Court (Pulaski County) to reschedule this matter for a hearing allowing him the opportunity to present evidence showing that the plea entered . . . was not knowingly, intelligently and voluntarily entered."

28 U.S.C. § 1361 expressly provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Petitioner has named the Supreme Court of Georgia as the only defendant. Of course, the Supreme Court of Georgia is not an officer, employee, or agency of the United States. Thus, this Court has no jurisdiction to force or compel the Supreme Court of Georgia to take any action on plaintiff's behalf. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (finding that federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.").

Therefore, plaintiff's Writ of Mandamus is **DISMISSED**.

**SO ORDERED**, this 11th day of January, 2010.

                                    *s/ Hugh Lawson*
                                    HUGH LAWSON
                                    UNITED STATES DISTRICT JUDGE

lnb